

FILED
CLERK, U.S. DISTRICT COURT

MAR - 5 2026

CENTRAL DISTRICT OF CALIFORNIA
BY
DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSSIMAR MORA-GAMBOA,

Defendant.

Case No.    26-MJ-1233

ORDER OF DETENTION

I.

On March 5, 2026, Defendant Jossimar Mora-Gamboa, assisted by the Spanish language interpreter, made his initial appearance on the criminal complaint filed in this case.  Deputy Federal Public Defender Rebecca Harris was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Julian Xu.  A detention hearing was held.

☐ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure:  ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the

history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community.  [18 U.S.C. § 3142(g)]  The Court also considered the report and recommendation prepared by United States Probation and Pretrial Services.

## IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒　　No legal status in the United States, citizen of Mexico, with history of removals from the United States in 2011, 2013, 2014, 2015, and 2017, including multiple removals in 2013 and 2015.

☒　　Unknown bail resources

☒　　law enforcement contacts include failures to appear, parole violations and two outstanding misdemeanor warrants in 2014 (traffic offense) and 2015 (burglary)

☒　　Unverified background information, including foreign travel

As to danger to the community:

☒　　criminal history includes misdemeanor convictions for driving under the influence and second degree burglary and numerous law enforcement contacts (see above).

## V.

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation

with counsel.  On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: March 5, 2026

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE